UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**REGINA SCOTT AND**                         **CIVIL ACTION**
**MELVIN J. SCOTT**

**VERSUS**                                       **NO. 22-1428**

**BOB DEAN, JR. ET AL.**                    **SECTION "B"(4)**

ORDER AND REASONS

The Court raises subject matter jurisdiction issues *sua sponte* in view of plaintiff's previously filed action arising out of the same case and controversy. This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004); *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2010). For the following reasons,

**IT IS HEREBY ORDERED** that the plaintiff's claims against all defendants are **DISMISSED WITHOUT PREJUDICE,** and all pending motions are **DISMISSED AS MOOT.**

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Junius Lee Scott, Jr. was admitted to the Community Care Center of Houma, LLC d/b/a Heritage Manor of Houma (incorrectly named Heritage Manor Houma Nursing Facility in plaintiff's complaint) on May 31, 2018 sometime after being diagnosed with metastatic prostate cancer. Rec. Doc. 5-1 at 6. He was "presumptively" examined by Dr. Patrick D. Walker in July 2018. *Id.* at 7. *Id.* Shortly after this time, Mr. Scott started suffering

1

from incontinence and developed bed sores. *Id.* at 6-7. Plaintiff and other family members complained to the nursing home staff after Mr. Scott had repeatedly sought help regarding his incontinence to no avail. *Id.* at 7. In the presence of plaintiff and family, nursing home staff cleaned Mr. Scott, disinfected his room and beddings, and returned him to his bed. *Id.* at 7-8. Mr. Scott died on August 25, 2018. *Id.* at 8.

It appears plaintiff filed some type of administrative claim against the Department of Health and Human Services ("HHS") on August 13, 2019, but was denied relief, and plaintiff sought reconsideration via certified mail around February 27, 2020. *Id.* The request was received by the agency around March 4, 2020. Plaintiff never received a response from HHS and filed this lawsuit on December 18, 2020. *Id.*; Complaint & Demand for Jury Trial, Scott v. Neal, No. 20-3435 (E.D. La. Dec. 18, 2020), ECF No. 1 [hereinafter *Scott I*].

In *Scott I*, in a *pro se* complaint, plaintiff alleged medical malpractice, violations of the Fifth, Eighth, and Fourteenth Amendments, gross negligence, and deliberate indifference against "Heritage Manor Houma Nursing Facility"; its director, Angela Neal; its administrator, Darla Rodgers; its nurse practitioner, Darin R. Branson; Houma Health Clinic; Dr. Patrick D. Walker; and their insurance companies. Plaintiff seeks an array of declaratory and injunctive relief, as well as $82,000,000 in damages. *Scott I*,

2

ECF No. 1 at 2-4, 14-16. Defendants filed various motions to dismiss plaintiff's complaint, which the Court granted on May 13, 2021, allowing plaintiff fourteen days to attempt to cure the stated deficiencies. *Scott I*, ECF No. 31 at 1.

The Court found that plaintiff's complaint did not demonstrate state actions and therefore found the 42 U.S.C. § 1983 did not apply and dismissed plaintiff's claims of constitutional violations under the Fifth, Eighth, and Fourteenth Amendments. *Id.* at 8-9. Further, finding "no facts that could be liberally construed to find defendants discriminated against Mr. Scott on the basis of his race, color, or national origin," the Court dismissed all claims brought under Title VI of the Civil Rights Act. *Id.* at 9. Finding no original federal jurisdiction, the Court declined to exercise supplemental jurisdiction over any state law claims for medical malpractice and gross negligence. *See id.* at 9-10.

Plaintiff then filed an opposition to the Court's order but failed to amend her complaint. *See Scott I*, ECF No. 32. Having not received an amended complaint addressing the noted deficiencies, the Court dismissed all claims against the defendants without prejudice on June 3, 2021. *Scott I*, ECF No. 33. Plaintiff then appealed the decision, but the appeal was dismissed on plaintiff's own motion. *See Scott I*, ECF No. 34; *Scott I*, ECF No. 40.

Plaintiff filed the instant complaint, again proceeding *pro se*, on June 16, 2022. Rec. Doc. 1. In this complaint, plaintiff makes the same allegations of medical malpractice, violations of the Fifth, Eighth, and Fourteenth Amendments, gross negligence, and deliberate indifference against "Heritage Manor Houma Nursing Facility"; its owner, Bob Dean, Jr.;[1] its director, Angela Neal; its administrator, Darla Rodgers; its nurse practitioner, Darin R. Branson; Houma Health Clinic; its doctor, Dr. Patrick D. Walker; and their respective insurance companies. Rec. Doc. 5-1 at 1-6, 14-15 Plaintiff again seeks an array of declaratory and injunctive relief, as well as $82,000,000 in damages. *See id.* at 16-18.

The Court then dismissed plaintiff's claims against defendants Bob Dean, Jr.; Angela Neal; Darla Rodger; Darin R. Branson; and Heritage Manor Houma Nursing Facility without prejudice under Fed. R. Civ. P. 4(m) for plaintiff's failure to properly effectuate service. *See* Rec. Doc. 13.

## II.  LAW AND ANALYSIS

The Court's "subject matter jurisdiction" defines its power to hear cases under statutory or constitutional authority. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998). Whereas a party may raise challenge the court's jurisdiction, the court itself has an "independent obligation to determine whether

---

[1] Bob Dean, Jr. was not a named defendant in the first lawsuit.

4

subject-matter jurisdiction . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Lane v. Halliburton*, 529 F.3d at 565. When the Court lacks subject matter jurisdiction, the Court does not have the authority to hear and determine a particular matter and must dismiss the case. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (quoting Fed. R. Civ. P. 12(h)(3)).

The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. § 1331, providing for federal question jurisdiction, and § 1332, providing for diversity of citizenship jurisdiction. Here, plaintiff asserts this Court has jurisdiction under 28 U.S.C. § 1331 and that the Court has supplemental jurisdiction of the state law tort claims pursuant to 28 U.S.C. § 1367. Rec. Doc. 5-1 at 2. Section 1331 provides that this Court "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Therefore, in order for the Court to exercise federal question jurisdiction, plaintiff's cause of action must be created by federal law. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

In *Scott I*, this Court found that despite liberally construing plaintiff's *pro se* complaint, plaintiff did not demonstrate federal question jurisdiction. Specifically finding that relief under 28 U.S.C. § 1346(b) and 42 U.S.C. § 1983 was not applicable

5

because defendants were all private parties whose actions did not amount to state actions. *See Scott I*, ECF No. 31 at 7-8. The only other possible claim that could invoke federal jurisdiction was plaintiff's Title VI claim; however, the Court found no facts in the record that defendants discriminated against Mr. Scott on the basis of his race, color, or national origin, therefore all claims under Title VI were dismissed. *Id.* at 9. Having not found original federal jurisdiction, the Court dismissed the remaining state law claims. *See id.* at 9-10.

Plaintiff's *pro se* complaint in the instant matter is nearly identical to that of *Scott I*.[2] In the above-captioned matter, plaintiff adds Bob Dean, Jr., the owner of Community Care Center of Houma, LLC d/b/a Heritage Manor of Houma (incorrectly named Heritage Manor Houma Nursing Facility), claiming he is "presumptively a state actor and is sued in his respondeat superior, individual, official, personal, and/or private capacity; and in whatever necessary capacity is appropriate by the court." Rec. Doc. 5-1 at 2-3. However, similar to *Scott I*, nothing in the instant complaint even when liberally construed demonstrates that Bob Dean, Jr., a private citizen, was a state actor or that there existed any state actions. *See Scott I*, ECF No. 31 at 7-9; Rec. Doc. 5-1 at 2-3. Plaintiff alleges no new material facts that

---

[2] Minor differences appear in formatting, addition and/or deletion of the occasional word, and with regard to insurance policies; however, the underlying facts remain materially the same as *Scott I*.

6

change the Court's analysis of federal question jurisdiction under 28 U.S.C. S 1346(b), 42 U.S.C. § 1983, or Title VI of the Civil Rights Act of 1964, therefore for reasons stated herein and in *Scott I*, this Court does not have original federal jurisdiction. *See Scott I*, ECF No. 31 at 5-9. Additionally, finding no original jurisdiction, this Court declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367. The remaining state law claims for medical malpractice and gross negligence are **DISMISSED without prejudice** to plaintiff's rights to pursue those claims in state court.

    New Orleans, Louisiana this 27th day of February, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE